Curia.

The defendant moves in arrest of judgment, on two grounds. The first is that the offence, as described in the indictment, h not alleged to be a common nuisance: the second is that the indictment is found at the Sessions, which has no jurisdiction of the offence.
The indictment is for an offence against a statute, passed in 1798, for the preservation of salmon, shad, and alewives, in the rivers in the counties of Lincoln and Cumberland. The first sec tian, on which the indictment is framed, provides that no person shall erect any mill-dam, or, being interested or concerned therein, shall continue the same in, across, or upon, any river within the counties of Lincoln or Cumberland, in, up, or through, which salmon, shad, or alewives, or either of them, do or have been used to pass into the ponds or lakes, to cast their spawn,-without providing a sufficient passage-way for the said fish to pass, in their season of going up and returning, on penalty of forfeiting a sum not exceeding 200 dollars, nor less than 20 dollars. And the Said dam shall be considered and adjudged a common nuisance, and be abated as such.
On the last part of this section the defendant rests his first objection. On consideration, we are of opinion that this objection cannot prevail. It appears to be the true intent of this statute, not that the offence created by the first section shoul.d be described in the indictment as a common nuisance, but that, as part of the sentence on conviction, the mill-dam should be adjudged a common nuisance, on which judgment a writ may issue to abate it. It may be reasonably supposed that the pecuniary forfeiture might not be a penalty sufficient, in all cases, to induce the owner of the obstrue tian' to remove it; provision is therefore made, not only that he shall be liable to a fine, but further, that the obstruction shall be adjudged a common nuisance, to be prostrated by the sheriff in execution of the judgment. If the construction which [ * 534 ] the defendant contends for * should prevail, much inconvenience might result. Every dam not having a sufficient passage-way for fish being a common nuisance, any individuals, of their private authority, might, before indictment or conviction, undertake to remove it at any season of the year. Resistance would be the probable consequence, the certain effect of *479 which would be a breach of the peace, attended with outrage and violence. (a)
The second objection, founded on the want of jurisdiction of the Sessions, has great weight.
The Court of Sessions, to whose jurisdiction in criminal causes the Court of Common Pleas has succeeded, by statute ff March, 1804, was erected by the statute of July 3, 1782, and it is era ■ powered to hear and determine all matters relating to the conservation of the peace, and such offences as are cognizable by them at common law, or by the acts of the legislature. If by common law, mentioned in this statute, be understood strictly the common law of England, those words cannot have any effect; for the Sessions, being created by statute, cannot have any jurisdiction but what was given it by some statute. But if these words import the common law of the commonwealth, they have an extensive operation, and are easily understood. Our ancestors, when they came into this new world, claimed the common law as their birthright, and brought it with them, except such parts as were judged inapplicable to their new state and condition. The common law, thus claimed, was the common law of their native country, as it was amended or altered by English statutes in force at the time of their emigration. Those statutes were never reenacted in this country, but were co isidered as incorporated into the common law. Some few other English statutes, passed since the emigration, were adopted by our courts, and now have the authority of law derived from long practice. To these may be added some ancient usages, originating probably from laws passed by the legislature of the colony of the Massachusetts Bay, which were annulled by the repeal of the first charter, and, from the former practice of the colonial courts, accom modated to the habits and manners of the people.
* So much, therefore, of the common law of England, [ * 535 ] as our ancestors brought with them, and of the statutes then in force, amending or altering it, — such of the more recent statutes as have been since adopted in practice,—and the ancient asages aforesaid, — may be considered as forming the body of the common law of Massachusetts, which has submitted to some alterations by the acts of the provincial and state legislatures, and by the provisions of our constitution.
From these principles we may conclude that, the Sessions in England having, at the time of the emigration, jurisdiction of ah *480 trespasses (except, perhaps, forgery and perjury; see 2 East’s Rep. 18) which were offences against law when the statute of 34 Ed. 3, c. 1, was passed, giving the Sessions (among other things) the cognizance of all trespasses, — our Court of Common Pleas, as successor of the Sessions, has jurisdiction of the same trespasses by the common law of the commonwealth; and that it has jurisdiction of no other trespasses, unless derived expressly from some statute.
The offence of which the defendant is indicted is clearly not an offence at common law, but it is a new offence created by the statute on which this indictment is drawn ; — as it is not supposed that there is any other statute by which the Sessions can have jurisdiction, the validity of the objection to judgment on this conviction must depend on the construction of the statute on which it was obtained. In the 12th section it is enacted, that all the fines'imposed shall be recovered by presentment of the grand jury, or by action of debt. This section does not expressly, or by necessary implication, include the Sessions, for the words may be perfectly satisfied by a presentment of the grand jury to this Court. And the Sessions before the statute of March, 1804, or the Common Pleas since, not having jurisdiction at common law, nor by the express provisions of any statute, the

Judgment must be arrested.

 These dams are declared to be nuisances by the act, and are to be abated aa such; and they are as much so before, as after, an adjudication. The evils mentioned, if any, must result from the law as it is, and not from any misconstruction of it.