## SUPREME JUDICIAL COURT

### FOR THE COUNTY OF

## KENNEBEC.

### JUNE TERM,

### 1823.

---

### THE CASE OF PARCHER & AL.

The Court of Common Pleas has no jurisdiction of an offence created by stat-
ute, unless it is expressly made cognizable in that Court.

THE defendants were indicted in the Court below upon *Stat.*
1821, *ch.* 168, for taking, carrying away, and converting to their
own use two logs lying upon the bank or shore of a stream call-
ed *Dead river;* this offence being made penal by that statute,
and punishable by indictment *in any Court of competent jurisdic-
tion.* Being convicted in this Court, to which they had appeal-
ed, they moved that the judgment be arrested, assigning divers
causes, one of which was that the Court of Common Pleas had
no jurisdiction of the offence.

The *Attorney General* and *H. W. Fuller,* being called upon by
the Court to support the verdict against this objection, contend-
ed that the act was a misdemeanor at common law, to which the
statute only affixed a specific penalty;—and that the Court of
Common Pleas had jurisdiction over offences of this sort, de-
ducible from the old Court of quarter sessions, through the late
Court of General Sessions of the peace. And they cited *Com-
monwealth v. Holmes,* 17 *Mass.* 337.

*Sprague,* on the other side, was stopped by the Court.

*Per Curiam.* It is very clear that the act charged in the indict-
ment was no offence at common law, but was merely a trespass ;

and it falls within the principle of *Commonwealth v. Knowlton*, 2
*Mass.* 530. and for the reasons there given the judgment in this
case must be arrested.   The jurisdiction does not belong to the
Court below, unless expressly given ; which in the present in-
stance has not been done.