## Commonwealth *vs*. Sterling L. Peterson.

Berkshire. December 6, 2005. - January 17, 2006.

Present: Marshall, C.J., Greaney, Ireland, Spina, & Cordy, JJ.

*Constitutional Law,* Indictment, Waiver of constitutional rights, Admissions and confessions. *Practice, Criminal,* Indictment, Waiver, Admissions and confessions, Voluntariness of confession. *Evidence,* Admissions and confessions.

Where a criminal defendant orally waived his right to superseding indictments after an extensive colloquy, and did so voluntarily and intelligently, the waiver was effective, and the ensuing trial, which proceeded against the defendant by way of district attorney complaints, was valid, given that G. L. c. 263, § 4A, did not require that a waiver of the right to an indictment be in writing. [783-788]

A Superior Court judge properly denied the criminal defendant's motion to suppress his confession, where the defendant was not subject to custodial interrogation at the time he made his initial admission, and where the defendant was informed of and voluntarily waived his Miranda rights prior to the police obtaining his written confession. [788-789]

Complaints filed in the Superior Court Department on May 3, 2002.

A pretrial motion to suppress evidence was heard by *Thomas J. Curley, Jr.*, J., and the cases were tried before him.

The Supreme Judicial Court granted an application for direct appellate review.

*Beth L. Eisenberg*, Committee for Public Counsel Services, for the defendant.

*Joseph A. Pieropan*, Assistant District Attorney, for the Commonwealth.

Cordy, J. A jury convicted Sterling L. Peterson of two counts of attempting to burn a building. G. L. c. 266, § 5A. On appeal, he claims that (1) his trial was invalid because the Commonwealth proceeded against him by way of complaint despite the fact that he never executed a written waiver of his right to indictment, and (2) the trial judge erred in denying a motion to suppress his confession. We affirm the convictions.

This case involves unusual procedural circumstances attendant to the defendant's attempted waiver of his right to a superseding indictment — a waiver he now claims was ineffective. Those circumstances place it outside the scope of the rules of criminal procedure, which ordinarily govern the waiver of indictment. Because the only statute providing for the waiver of indictment, G. L. c. 263, § 4A, does not require that a waiver be in writing, and the waiver, which was given orally after an extensive colloquy, was made voluntarily and intelligently, we conclude that proceeding by way of complaint did not render the defendant's trial invalid. Further, as the judge's factual findings regarding the defendant's motion to suppress were not clearly erroneous, and his application of constitutional principles to those facts was correct, the motion was properly denied.

1. *Waiver of indictment.* The defendant was arrested for twice attempting to burn a building located in Pittsfield. The first attempt was alleged to have occurred on April 29, 2001, and the second on May 3, 2001. He was arrested after he confessed during police questioning in the early morning hours of May 4. On May 24, 2001, a Berkshire County grand jury indicted the defendant on, inter alia, two counts of attempt to burn a building, and one count of burning personal property. On May 30, 2001, the defendant was arraigned in the Superior Court and held on bail.[1] A trial date of May 6, 2002, was eventually set.

It became apparent just before the trial that the two indictments charging attempt to burn a building were defective in that they failed to allege the act or acts that constituted the attempts. See *Commonwealth* v. *Gosselin*, 365 Mass 116, 121 (1974) ("A charge of an attempt should set forth in direct terms that the defendant attempted to commit the crime, and should allege the acts or acts done toward its commission"). See also G. L. c. 277, § 79. At no point, however, did the defendant move to dismiss the defective indictments. Instead, on May 3, 2002, with the consent of the defendant, the Commonwealth filed two district attorney complaints in the Superior Court, each charging an attempt to burn a building. These complaints were intended

---

[1] The record does not explain whether the defendant was held between his arrest on May 4 and his arraignment on May 30.

to supersede the defective indictments. Aside from adding specific references to acts done in furtherance of the attempts, the language of the complaints mirrored that of the indictments.[2]

Before allowing the trial to proceed on the complaints, the judge engaged in an extensive colloquy with the defendant and his counsel to ensure that the defendant understood that he was entitled to force the Commonwealth to proceed on these charges by way of new indictments and that the defendant's waiver of his right to such indictments was knowing, intelligent, and voluntary. Several times during the colloquy, the defendant made clear that he voluntarily and intelligently wished to waive his right to indictment. Also during the colloquy, defense counsel explained to the judge that the presentation to the grand jury on the original indictments "did include the information [about the overt acts] that unfortunately was left out of the indictments themselves. So the grand jurors did hear that information . . . and . . . that's playing a large role in my willingness to counsel my client to go forward in this fashion." Defense counsel added that the defendant "has been held on bail in this matter for quite awhile," and since the information added in the complaints "is by no means a surprise[,] . . . going by way of a [district attorney's] complaint would allow us to go forward with the trial on [May 6, 2002,] to the protection of everyone, including my client."[3]

The judge accepted the defendant's waiver and allowed the case to proceed on the complaints. The Commonwealth then filed entries of nolle prosequi on the two defective indictments, and the trial began as scheduled.[4] The defendant was never asked to sign, nor did he ever sign, a written waiver of his right to indictment. He was convicted on the attempted arson

---

[2]Significantly, no crimes beyond what had been charged in the indictments were included in the complaints.

[3]There is no evidence or argument that the Commonwealth used the fact that the defendant was being held on bail as leverage to compel him to waive his right to indictment.

[4]So much of the indictment charging the burning of personal property having a value in excess of twenty-five dollars was not nol prossed, and it proceeded to trial along with the complaints. At the close of the Commonwealth's case, the judge entered a required finding of not guilty on that indictment.

complaints and sentenced to State prison. He filed a notice of appeal on July 9, 2002, and the case was entered in the Appeals Court on August 24, 2004.[5] We subsequently granted the defendant's petition for direct appellate review.

Article 12 of the Massachusetts Declaration of Rights has long been held to prohibit punishment in State prison of a defendant who was not afforded the right to indictment by a grand jury. See *Commonwealth* v. *McCravy*, 430 Mass. 758, 761-776 (2000).[6] A defendant may, however, waive this constitutional right. See *De Golyer* v. *Commonwealth*, 314 Mass. 626, 631 (1943) ("It is difficult to see why an accused may not voluntarily and intelligently waive the form of accusation . . .").

While we have held that a defendant's waiver of his right to indictment must be explicit, *Commonwealth* v. *Perry*, 418 Mass. 808, 812-813 (1994), and voluntarily and intelligently made, *De Golyer* v. *Commonwealth*, *supra*, we have not held that the execution of a written waiver is constitutionally required for it to be effective.[7] Our inquiry does not end here, however. Legislative enactments or court-imposed rules often require more than the minimum protections imposed by the Constitution. See, e.g., *Commonwealth* v. *Osborne*, ante 776, 780-781 (2005); *Ciummei* v. *Commonwealth*, 378 Mass. 504, 507-509 (1979) (in context of jury waiver, written waiver required by statute and

---

[5]The record does not disclose the reason for the two-year delay, other than to note apparent delays in transcript preparation.

[6]The Federal constitutional right to indictment by a grand jury is not incorporated against the States through the due process clause of the Fourteenth Amendment to the United States Constitution. See *Hurtado* v. *California*, 110 U.S. 516, 534-535 (1884).

[7]Similarly, with respect to a defendant's waiver of a jury trial — a right also contained in art. 12 — we have refused to constitutionalize the specific procedures necessary effectively to complete a waiver of that right. See *Ciummei* v. *Commonwealth*, 378 Mass. 504, 508 (1979) ("it is not unreasonable for courts to refrain . . . from constitutionalizing a particular means of demonstrating the legality of the waiver"). Our decisions regarding the constitutional dimensions of the jury trial right, particularly a defendant's waiver of that right, inform our thinking on the question before us. See *De Golyer* v. *Commonwealth*, 314 Mass. 626, 630-632 (1943) (in analyzing constitutionality of waiver of indictment statute, "reasoning of our own cases with reference to the right of an accused to waive a trial by jury . . . cannot be ignored").

oral colloquy by court rule). Indeed, the defendant's principal argument is that his oral waiver was ineffective because it did not conform to the requirements of G. L. c. 263, § 4A; Rule 59 of the Superior Court Rules (2005) (prescribing written form to be used "to waive indictment under the provision of G. L. [c.] 263, § 4A"); and the procedural scheme set forth in Mass. R. Crim. P. 3, 378 Mass. 847 (1979) ("A defendant shall not waive the right to be proceeded against by indictment . . . except by filing in court . . . a written waiver of that right . . .").[8]

General Laws c. 263, § 4A, however, does not require that the waiver of indictment be in writing. Contrast G. L. c. 263, § 6 (written waiver required to waive jury trial). An earlier version of § 4A, enacted in 1934, did have such a requirement, but it was eliminated when the statute was amended in 1979. Likewise, the defendant's reliance on Rule 59 of the Superior Court Rules is not availing. That rule merely sets forth the "form for an application to waive indictment under the provisions of G. L. [c.] 263, § 4A." The rule, however, was adopted in 1974, and was not changed when the statute was amended in 1979 to eliminate the requirement of a written waiver. While the form may still be useful in light of Mass. R. Crim. P. 3, which requires written waivers in almost all of the circumstances under which they would ordinarily be proffered, it does not itself create an independent requirement that such a waiver be executed.

An examination of Mass. R. Crim. P. 3 (d) ("Waiver of Indictment in Superior Court"), which requires that a "waiver shall be in writing," reveals that it also is not applicable to the facts of this case. The rule literally applies to defendants who are charged by complaint in District Court and choose not to request a probable cause hearing (which then operated to waive their right to indictment), are bound over to the Superior Court, and,

---

[8]Rule 3 of the Massachusetts Rules of Criminal Procedure was amended effective September 7, 2004. See 442 Mass. 1501 (2004). Because the defendant's waiver took place in May, 2002, the former version of the rule applies. See *Commonwealth* v. *Lester L.*, 445 Mass. 250, 255 n.4 (2005); *District Attorney for the Norfolk Dist.* v. *Quincy Div. of the Dist. Court Dep't*, 444 Mass. 176, 185-186 & n.16 (2005); *National Lumber Co.* v. *LeFrancois Constr. Corp.*, 430 Mass. 663, 665 n. 4 (2000). Our analysis would not change, however, were we to apply the current version.

while awaiting grand jury action, decide to waive their right to
have a grand jury determine whether there is probable cause for
indictment and proceed on the original untested complaint.[9] The
defendant does not fall into this category.

While the defendant concedes that no rule or statute contains
language specifically addressing his particular circumstances, he
urges us to interpret the written waiver requirement of the rule
to reach all complaints brought in Superior Court, even those
that by agreement are used to "correct" a defect in an original
indictment. We see no reason to do so.

The right to indictment exists to protect against "hasty, mali-
cious, and oppressive public prosecutions." *Jones* v. *Robbins*,
74 Mass. 329, 344 (1857). In the instant case, neither that right
nor the purpose of Mass. R. Crim. P. 3 would be diminished or
frustrated by declining to require a written waiver. The
defendant was proceeded against by indictment. There was
admittedly nothing inadequate about the evidence presented to
the grand jury or about the grand jury proceedings themselves.
The defendant's decision to waive his "right" to require a cor-
rected, superseding indictment was not a choice between having
a grand jury determine whether there was probable cause or
proceeding solely by complaint.[10] Cf. *Lataille* v. *District Court
of E. Hampden*, 366 Mass. 525, 531 & n.6 (1974) (return of
indictment is itself determination of probable cause and renders
unnecessary preliminary hearing; "In the case before us, the
probable cause hearing had not started before the indictment
was returned. . . . In such a case . . . , the reason for the
probable cause hearing would no longer exist . . .").

---

[9]The current version of Mass. R. Crim. P. 3 (c) (2), as amended, 442 Mass.
1502 (2004), provides that a defendant can either file a written waiver of
indictment with the District Court prior to that court's determination to bind
him over to Superior Court or file the same written waiver in the Superior
Court after he is bound over. As with the former rule, this does not appear to
contemplate the situation where a grand jury indictment has already been
returned against the defendant and the Commonwealth is not seeking to add
new offenses to its prosecution.

[10]We do not suggest that a defective indictment should ordinarily be cor-
rected in this way, but only that a defective indictment that is not objected to
alters the prism through which we view a subsequent decision to waive indict-
ment in order to proceed on a complaint that removes the defect, but does not
otherwise expand the offenses charged.

Moreover, our conclusion that a written waiver of the defendant's right to an indictment was not required here does not affect the constitutional protections to which the defendant is entitled. The explicit, voluntary, and intelligent nature of his waiver must still be established. See *De Golyer* v. *Commonwealth*, 314 Mass. 626, 631 (1943). Cf. *Ciummei* v. *Commonwealth, supra* at 507-508 ("conviction cannot stand which follows upon a jury waiver that is not freely and knowingly given"). The extensive colloquy among the judge, the defendant, and defense counsel adequately established a voluntary and intelligent waiver for constitutional purposes. The trial was, therefore, valid.

2. *Suppression motion.* As noted above, the defendant was arrested on May 4, 2001, after he admitted that he set the fires in question. On March 1, 2002, the defendant filed a motion to suppress his confession, arguing that it had been obtained in the absence of Miranda warnings. After an evidentiary hearing, the judge denied the motion. He concluded that the defendant was not subject to custodial interrogation at the time he initially made an oral admission (and therefore his Miranda rights had not attached), and that a subsequent written confession was obtained after he was informed of and voluntarily waived his Miranda rights.[11]

We agree that the defendant was not in custody when he first

---

[11]The judge issued extensive factual findings and conclusions of law, explicitly rejecting much of the defendant's testimony at the suppression hearing. None of these factual findings is clearly erroneous. See *Commonwealth* v. *Jimenez*, 438 Mass. 213, 218 (2002) ("We accept the judge's . . . findings absent clear error . . ."). The judge's findings include that (1) the defendant had been informed at least twice that he was not under arrest before agreeing to answer questions; (2) the defendant was calm at the beginning of his pre-Miranda conversation with the police and during his post-Miranda confession; (3) the defendant did not exhibit motor difficulties or confusion during the conversation; (4) the defendant did not repeatedly ask for his medication during the conversation; (5) the defendant was read the Miranda warnings as soon as he admitted to setting the fires; (6) the defendant was "alert, . . . intelligent, responsive, coherent, and articulate" during booking, which was immediately subsequent to the post-Miranda police interrogation; and (7) there was no objective evidence that the defendant experienced a seizure immediately before or during the pre-Miranda conversation or post-Miranda interrogation. Applying these facts, the judge found (1) that the defendant was not in police custody during his pre-Miranda conversation at the police station; (2) that once Miranda rights were required, the defendant

admitted to setting the fires. See *Commonwealth* v. *O'Brien,* 432 Mass. 578, 585-586 (2000) (four-factor test for determination whether interrogation is custodial; rarely is one factor determinative). Most significantly, the defendant had been informed at least twice that he was not under arrest, and thus not required to go to the station and speak with police. See *Commonwealth* v. *Groome,* 435 Mass. 201, 213 (2001). Additionally, the judge found that the questioning that resulted in the defendant's initial incriminating statement was calm and professional, rather than aggressive or confrontational. Compare *Commonwealth* v. *Osachuk,* 418 Mass. 229, 232-233 (1994). As soon as the defendant admitted to the crime, he was promptly read the Miranda warnings and signed a Miranda waiver. His subsequent written confession was not invalid due to taint or to a separate violation of *Miranda* v. *Arizona,* 384 U.S. 436 (1966).[12]

*Judgment affirmed.*

---

voluntarily, knowingly, and intelligently waived them; and (3) that the Commonwealth had proved beyond a reasonable doubt, in the totality of the circumstances, that the defendant's statements were the product of a rational intellect and free will.

[12]The judge's findings of fact, see note 11, *supra,* provide no support for the defendant's additional claim that his original admission, the waiver of his Miranda rights, or his written confession were involuntary.