THE PEOPLE OF THE STATE OF NEW YORK ex rel. PATSY BATTISTA, Appellant, *v.* FRANK L. CHRISTIAN, as Superintendent of the New York State Reformatory at Elmira, Respondent.

(Argued October 1, 1928; decided November 20, 1928.)

*Dennis W. Hunt* for appellant. Section 222 of the Code of Criminal Procedure, as enacted, is unconstitutional and void in that it authorizes and permits that which is forbidden by the express terms of section 6 of article 1 of the Constitution of the State of New York. (Joyce on Indictments [2d ed.], §§ 7, 13, 30, 41, 43, 46, 49, 53, 56; 1 Cooley on Cons. Lim. [8th ed.] 355; *People* v. *Lawrence*, 36 Barb. 177; *People* v. *Roberts*, 148 N. Y. 360; *People* v. *Bank*, 231 N. Y. 476; *People* v. *Cowles*, 13 N. Y. 350; *People* v. *Fancher*, 50 N. Y. 291; *People* v. *Tompkins*, 64 N. Y. 53; *People* v. *Cook*, 14 Barb. 290; 8 N. Y. 67; *People* v. *Schermerhorn*, 19 Barb. 540; *People* v. *Draper*, 15 N. Y. 532; *Ex parte Wilson*, 114 U. S. 417; *Mackia* v. *U. S.*, 117 U. S. 348; *U. S.* v. *Moreland*, 258 U. S. 433; *People* v. *Bingham*, 57 Misc. Rep. 66; *People* v. *Acerno*, 184 App. Div. 541; *Mayor, etc., of N. Y.* v. *Manhattan Co.*, 143 N. Y. 1; *Musco* v. *U. S. Surety Co.*, 196 N. Y. 459; *Hopt* v. *Utah*, 110 U. S. 579; *Com.* v. *Hana*, 195 Mass. 262; *People* v. *Ringe*, 197 N. Y. 143; *People* v. *Griswold*, 213 N. Y. 92; *People* v. *Green*, 201 N. Y. 172; *State* v. *Toney*, 81 Ohio St. 130; *Jones* v. *Robbins*, 8 Gray, 328; *Com.* v. *Horregan*, 127 Mass. 450; *Nolan's Case*, 122 Mass. 330; *People* v. *Jones*, 142 App. Div. 180.) The Legislature cannot lawfully dispense with any of the substantial protections

with which the Constitution surrounds the person accused of crime. (*Ex parte Bain*, 121 U. S. 1; *Ex parte McClosky*, 40 Fed. Rep. 71; *State* v. *Queen*, 91 N. C. 659; *Davis* v. *Burke*, 179 U. S. 399; *People* v. *Jones*, 142 App. Div. 3; *People* v. *Warden*, 112 N. Y. Supp. 439; *Commonwealth* v. *McDonna*, 13 Allen, 581; *Hartung* v. *People*, 22 N. Y. 95; *Mack* v. *People*, 82 N. Y. 235; *People* v. *Dowling*, 84 N. Y. 478.)

*Albert Ottinger, Attorney-General* (*Almon W. Burrell* of counsel), for respondent. The relator was rightfully convicted and sentenced. (Cooley on Const. Lim. 152, 374.) The defendant by his application in writing to the Supreme Court, under and pursuant to the provisions of section 222 of the Code of Criminal Procedure, waived his constitutional right to be prosecuted by indictment for the crime of burglary, third degree, for which he had been duly held to answer and conferred upon the court the power to try him in the same manner as if an indictment had been presented by a grand jury. (*State* v. *Warden*, 46 Conn. 349; *People* v. *Courtney*, 94 N. Y. 490; *People* v. *Cignarale*, 110 N. Y. 23; *Connors* v. *People*, 50 N. Y. 240; *People* v. *Rosenheimer*, 209 N. Y. 115; *People* v. *Toledo*, 150 App. Div. 403; *People* v. *Guidici*, 100 N. Y. 503; *Webster* v. *People*, 92 N. Y. 422; *Whitaker* v. *Staten Island M. R. Co.*, 76 App. Div. 351; *People ex rel. Berger* v. *Warden*, 176 App. Div. 602; *Stuart* v. *Palmer*, 74 N. Y. 183; *State* v. *Palson*, 29 Iowa, 133; *State* v. *Kaufman*, 51 Iowa, 578; *State* v. *Bowerman*, 191 Iowa, 608.)

*Urbane C. Lyons, District Attorney* (*Frank L. Wooster* of counsel), *amicus curiæ*. The plaintiff-respondent was granted, under the provisions of section 222 of the Code of Criminal Procedure, the privilege, upon his personal application and initiative for the purpose of gaining a personal advantage and benefit, to dispense with and waive the presentment and indictment of a grand jury and

the plaintiff-respondent exercised that privilege. (*Musco v. United Surety Co.*, 196 N. Y. 459; *People ex rel. McLaughlin* v. *Police Comrs.*, 174 N. Y. 450; *Egerton* v. *Earl Brownlow*, 5 H. of L. Cas. 1; Story on Cont. [4th ed.] § 546; *Herter* v. *Muller*, 159 N. Y. 28; *People* v. *Hawkins*, 157 N. Y. 1; *People* v. *Palmer*, 109 N. Y. 413; *People* v. *McGrath*, 202 N. Y. 445; *People* v. *Spiegel*, 143 N. Y. 107; *People* v. *Rosenheimer*, 209 N. Y. 115; *People* v. *Ferola*, 215 N. Y. 285; *Ayers* v. *Russell*, 50 Hun, 282.)

O'BRIEN, J. The Constitution of this State, by article 1, section 6, provides: " No person shall be held to answer for a capital or otherwise infamous crime * * * unless on presentment or indictment of a grand jury." Relator was charged with burglary which is an infamous crime. He was held to answer for it, but not on any presentment or indictment of a grand jury. While awaiting action by that body, he petitioned the court for a direction that an information be filed against him and his petition was granted. Then he pleaded guilty and was sentenced to confinement in the reformatory at Elmira. This procedure conforms with the provisions of section 222 of the Code of Criminal Procedure.

The Constitution and the statute meet in direct collision. The statute assumes to authorize the thing which the Constitution expressly forbids. The organic law decrees that no one shall be held to answer for an infamous crime until after a grand jury shall have considered the evidence against him. The legislative enactment says that an individual may, if he pleases, strip himself of a protection common to all within the jurisdiction of our government. This right, attempted to be conferred by statute, was not granted solely for the benefit of the criminal. Probably it was thought to be in the interest of the State. Doubtless the purpose of its attempted creation was to shorten procedure by inducing a criminal to forego a fundamental right and, by swift admission of

guilt, incidentally to mitigate his penalty but essentially to hasten justice. In practice, such a course is convenient. We are not dealing with policy, expediency or convenience as viewed by the Legislature but with public fundamental rights fixed by the Constitution. Whether the grand jury system erects a bulwark of liberty or operates as an engine of oppression is not for us to decide. In ancient times it may have formed a shield against the tyranny of the crown. Today it may serve as a check upon popular passion. Always it has been susceptible of utilization to pervert justice. Section 222 of our Code seeks to and does weaken the force of our Constitution and, for that reason, it is void. The statute, therefore, adds nothing and takes away nothing. If, without its existence, the criminal possessed the right to fling away any part of the protection which the Constitution imposes upon all, neither he nor the State is strengthened or weakened by its passage. So the only question in this case is whether, irrespective of the statute, the basic prohibition of article 1, section 6, is capable of waiver.

Many judicial opinions can be found in which declarations are made that constitutional rights and privileges may be waived. Most of these expressions occur in civil actions (*Matter of N. Y., L. & W. R. R. Co.*, 98 N. Y. 447, 453; *Mayor, etc.,* v. *Manhattan Ry. Co.*, 143 N. Y. 1, 26; *People ex rel. McLaughlin* v. *Police Comrs.*, 174 N. Y. 450, 456), but some also appear in criminal cases (*Pierson* v. *People*, 79 N. Y. 424, 429; *Diaz* v. *U. S.*, 223 U. S. 442; *People* v. *Gowasky*, 244 N. Y. 451, 463.) From this mass of opinions and decisions, the rule can be deduced that waiver is not permitted where a question of jurisdiction or fundamental rights is involved and public injury would result. A privilege, merely personal, may be waived; a public fundamental right, the exercise of which is requisite to jurisdiction to try, condemn and punish, is binding upon the individual and cannot be disregarded by him. The public policy of the

State as expressed in the Constitution, takes precedence over his personal wish or convenience. Article 1, section 6, proceeds far beyond the point of conferring a mere personal privilege. Unqualifiedly, it prohibits the trial of any one charged with infamous crime except on presentment or indictment by a grand jury. Until the grand jury shall act, no court can acquire jurisdiction to try. In the most solemn and absolute language the Constitution dictates the only method by which one can be held to answer for murder, burglary, arson or any other infamous crime. Without the prescribed action by a grand jury, all our other tribunals are powerless to proceed. Such action is the foundation of jurisdiction.

The principle which exacts compliance with constitutional mandates and prohibitions is illustrated by many cases here and in the Federal courts. Consider *Cancemi* v. *People* (18 N. Y. 128). A prisoner on trial for murder in the first degree expressly requests, consents and stipulates in open court that a juror be withdrawn and that the verdict be rendered by eleven jurors. Our Constitution declares that " trial by jury in all cases in which it has been heretofore used shall remain inviolate forever." (Art. I, § 2.) This requirement cannot be waived. The constituent parts of the tribunal and the fundamental mode of its proceeding are not within the power of the parties. In criminal prosecutions are involved public wrongs and public rights. The State has an interest in the lives and liberties of all within its boundaries even though some may be criminal. Accordingly, prosecutions must be conducted in substance and without essential change as the Constitution commands. A conviction otherwise obtained is a nullity. That the doctrine enforced in *Cancemi's* case respecting the necessity of a trial conducted according to essentials as established by the Constitution may not be deemed to have been superseded as antiquated and obsolete is attested by the fact that in recent years it has again been recog-

nized and treated with respect. (*Pierson* v. *People*, 79 N. Y. 424, 429, 430; *People* v. *Cosmo*, 205 N. Y. 91, 96, 104.) Consent cannot give a court jurisdiction or authorize a substantial change in its fundamental mode of proceeding. (*People* v. *Guidici*, 100 N. Y. 503, 508.) A prerequisite to try for crime is a duly organized court. (*People* v. *Schmidt*, 216 N. Y. 324, 342, 343.) Examine the principle of *Hopt* v. *Utah* (110 U. S. 574). A defendant charged with murder was absent during that part of his trial when six jurors were challenged by his counsel for actual bias. When later the defendant was present at the trial, he failed to object to these jurors' retirement to the deliberations of the jury room. He could not waive his rights. The statute of Utah deemed it essential for the protection of one whose life or liberty is involved in a prosecution for felony to be personally present at every stage of the trial when his substantial rights might be affected. We might rest content with the decision in *Ex parte Bain* (121 U. S. 1, 10, 13) for a principle quite similar to the one in the case at bar was there present. The language of the Fifth Amendment of the Federal Constitution is the same as the words in article 1, section 6, of the New York Constitution; " No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." The prisoner was convicted in the Circuit Court of the United States after indictment by a Federal grand jury. A year after the indictment had been found, the court amended it by striking out certain words which it deemed superfluous and it was upon that amended indictment that the conviction rested. The Supreme Court had no difficulty in holding that the indictment upon which that defendant had been tried was no indictment of a grand jury and that the " great importance which the common law attaches to an indictment by a grand jury, *as a prerequisite to a prisoner's trial for a crime*, and without which the Con-

stitution says ' no person shall be held to answer,' may be frittered away until its value is almost destroyed." The defendant was not left to an appeal from a judgment of conviction, but was released on habeas corpus. There was nothing before the court on which it could hear evidence or pronounce sentence. In *Ex parte McClusky* (40 Fed. Rep. 71, 74) the precise principle involved in the present appeal required vindication. There an information was filed but no indictment found. The defendant was held incapable of waiving a constitutional right which is essential to jurisdiction. On principle and on authority, therefore, appellant's conviction, even on his plea and attempted waiver, is a nullity. He has not been placed in jeopardy, for the court was without jurisdiction to try or condemn him. No obstacle to a grand jury's consideration of the charge against him can be seen. The power of indictment now exists in no lesser degree than before his sentence and incarceration.

If the Legislature and the electors of this State vote to delete the words of article 1, section 6, from the Constitution, the historic if not venerable institution of the grand jury may be abolished. Not by indirection can it be subverted or overthrown. Citizens of other States have decided by their Constitutions to allow the prosecution of infamous crime without intervention by grand juries and their action has been held not to impede due process of law. (*Hurtado* v. *California*, 110 U. S. 516; *Bolln* v. *Nebraska*, 176 U. S. 83, 89.)

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN and KELLOGG, JJ., concur; ANDREWS, J., dissents.

Ordered accordingly.