In the Matter of the Application of THOMAS BROWN RUDD, as District Attorney of Oneida County, for a Peremptory Order of Mandamus against FREDERICK H. HAZARD, Individually and as County Judge of Oneida County Acting in and for the County of Oneida, and the COUNTY COURT OF ONEIDA COUNTY.

Supreme Court, Oneida County, August 8, 1932.

*Thomas Brown Rudd, District Attorney* [*Earl C. Bastow, Assistant District Attorney* of counsel], for the motion.

*James* and *Leo O. Coupe,* for Joseph George, opposed.

*Stephen W. Brennan,* for Homer Haggerty, opposed.

*Sexton & Sexton,* for Frank Longo, opposed.

*Tumposky & Tumposky,* for Nathan Mittleman, opposed.

*Walter Potocki,* for Rocco Albert and Irene Albert, opposed.

LEWIS, EDMUND H., J. The district attorney of Oneida county, by separate proceedings, seeks peremptory orders of mandamus directed to the county judge of said county, commanding him to cause to be expunged from the records of the County Court all proceedings had on the 23d, 28th, 29th and 31st days of December, 1931, before the special county judge, in criminal actions instituted by the People of the State of New York against the following persons (hereinafter referred to as defendants): Joseph George, Frank Longo, Rocco Albert, Irene Albert, Nathan Mittleman, and Homer Haggerty; and directing that the Oneida county treasurer remit to each of said defendants any fine paid in said criminal actions, and commanding the county judge of Oneida county to proceed with the trial or other disposition of the indictments heretofore found against said defendants by a grand jury of Oneida county.

It appears from the record before the court that, on the afternoon of December 22, 1931, the Trial Term of Oneida county was recessed by the presiding county judge until ten A. M. on January 5, 1932 at chambers. Prior to such recess the said six defendants had pleaded " not guilty " to offenses for which they had been previously indicted by a grand jury of Oneida county. From December 23, until after December 31, 1931, the county judge of Oneida county was outside the State of New York. During his absence from the State, and on December 23, 28 and 29, 1931, with the consent of the district attorney (petitioner's predecessor), the said six defendants involved in these proceedings appeared before the special county judge of Oneida county, at which times they changed their former pleas of " not guilty " to " guilty " of the same felonies or misdemeanors upon which they had been indicted, or those of lesser degrees. Thereafter, except in the case of the defendant Homer Haggerty, the special county judge imposed sentences upon each defendant involving fines of $500 each and imprisonment,— the execution of the prison sentences

being conditionally suspended. Homer Haggerty was sentenced to be confined in Oneida county jail for four months.

In support of these applications, the district attorney contends that the special county judge of Oneida county was without power to accept the pleas from, or to impose sentences upon, the six defendants, and that all proceedings had in relation thereto before the special county judge, in the temporary absence from the State of the county judge, were void for lack of jurisdiction.

I shall not discuss the various points of law argued upon these applications, because at the threshold of the inquiry which these motions involve, we are met with a fact of record which has not been particularly stressed upon the argument, but which vitiates all said proceedings had before the special county judge.

The record filed with the court includes photostatic copies of the clerk's minutes of court proceedings had each day when the defendants were allowed to change their former pleas to the indictments found against them. The clerk's record for each of these court sessions bears the caption " At Children's Court," followed by the name and title of the presiding judge.

The basic importance of this recorded fact is clear when we consider that the first inquiry to be made in testing the validity of court action is to ascertain whether the court had jurisdiction of the subject-matter. That is to say, did the court have the power lawfully conferred upon it to deal with the general subject involved in the action? (Hunt v. Hunt, 72 N. Y. 217.)

Children's Courts were established under an amendment to the Constitution, which became effective January 1, 1926. Their jurisdiction is limited in general to " the correction, protection, guardianship and disposition of delinquent, neglected or dependent minors, and for the punishment and correction of adults responsible for or contributing to such delinquency, neglect or dependency." (N. Y. Const. art. 6, § 18; Children's Court Act [Laws of 1922, chap. 547], § 6, as renum. and amd. by Laws of 1930, chap. 393.)

It may be of some significance to note that, in providing for the administration of justice under the Children's Court Act, the Legislature has directed that sessions of Children's Court " shall not be held in conjunction with sessions of the county court at which cases against adults are heard or at which business other than that provided for by this act is transacted." (Children's Court Act, § 42.)

Within the county of Oneida, Children's Court is presided over by the special county judge and has exclusive original jurisdiction of all cases or proceedings involving " the hearing, probation,

remand, commitment or disposition of children actually or apparently under the age of sixteen years, or who were under sixteen years of age when the act or offense is alleged to have been committed, * * *." (Children's Court Act, § 6.)

There can be no serious question under the Constitution, statutes and adjudicated cases that a Children's Court has no jurisdiction to entertain pleas to indictments such as those which affected the six adult defendants involved in these proceedings; nor has such court power to impose sentences following such pleas.

This is not an inconsequential matter. It is a fundamental rule that, " A prerequisite to try for crime is a duly organized court." (*People ex rel. Battista* v. *Christian*, 249 N. Y. 314, 320.) The plea of an indicted person before a court not authorized to entertain the same is legally ineffective. It follows that sentences imposed by a court without power to inflict such sentences are void.

" The constituent parts of the tribunal and the fundamental mode of its proceeding are not within the power of the parties. In criminal prosecutions are involved public wrongs and public rights. The State has an interest in the lives and liberties of all within its boundaries even though some may be criminal. Accordingly, prosecutions must be conducted in substance and without essential change as the Constitution commands. A conviction otherwise obtained is a nullity." (*People ex rel. Battista* v. *Christian*, *supra*, p. 319.)

Upon the record before this court in these applications, I conclude that the special county judge of Oneida county, who is recorded as having presided at sessions of Children's Court on December 23, 28 and 29, 1931, was without power in that court to entertain the pleas and to impose the sentences which followed affecting the six defendants involved in these proceedings.

The fact that these six defendants whose pleas were accepted and upon whom sentences were imposed consented to the action of the court does not give such action validity. " Consent cannot give a court jurisdiction or authorize a substantial change in its fundamental mode of proceeding." (*People ex rel. Battista* v. *Christian*, *supra*, p. 320.) Nor was the proceeding made legal by the presence of the district attorney who consented to each plea on behalf of the people.

" The trial must be by the tribunal and in the mode which the Constitution and laws provide, without any essential change. *The public officer prosecuting for the people has no authority to consent to such a change, nor has the defendant.*" (*Cancemi* v. *People*, 18 N. Y. 128, 138.)

In connection with the rule above cited, the comment of Judge

O'Brien, writing for the Court of Appeals in *People ex rel. Battista* v. *Christian, supra* (p. 319), is interesting and pertinent:

" That the doctrine enforced in *Cancemi's* case respecting the necessity of a trial conducted according to essentials as established by the Constitution may not be deemed to have been superceded as antiquated and obsolete is attested by the fact that in recent years it has again been recognized and treated with respect. (*Pierson* v. *People*, 79 N. Y. 424, 429, 430; *People* v. *Cosmo*, 205 N. Y. 91, 96, 104.) "[*]

This court cannot go outside the record which is before it in deciding these motions. It is not for us to inquire from the special county judge as to what court he intended to hold on the days when the pleas in question here were taken and sentences imposed. The clerk's minutes of the proceedings of the court over which the special county judge presided must alone disclose that fact. The proceedings of a court as recorded by the clerk are a public record, the accuracy of which is carefully protected and perpetuated by the law. (Penal Law, §§ 1838, 2050.) It is from that record that a judgment roll is prepared. (Code Crim. Proc. § 485.) It is that record which is the source of information for various official purposes. (Code Crim. Proc. § 949.) That record affords the sole basis upon which this court, or any other tribunal, can act in relation to the proceedings by which the six defendants were sentenced. It follows that all proceedings had before the special county judge of Oneida county acting, as the record shows, as presiding judge in Children's Court on December 23, 28 and 29, 1931, are without legal effect. As such proceedings are void, the six defendants who appeared before the special county judge on the dates last mentioned above should be placed in the same position before the County Court of Oneida county as they were in immediately after they entered their pleas of " not guilty " to the indictments charged against them. By such action this court is not placing them twice in jeopardy, in violation of article 1, section 6 of the Constitution of this State, because the proceedings had before the special county judge were void and of no legal effect. (*People ex rel. Battista* v. *Christian, supra*, p. 321.)

In each of these proceedings the petitioner seeks a peremptory order of mandamus which, among other directions, would command the county judge of Oneida county, " to cause to be expunged from the records of the *Oneida County Court* all proceedings " in the criminal actions of People of the State of New York against the said six defendants respectively which were had before the special county judge of . Oneida county. As already pointed out, the record which vitiates the action of the special county judge

---

[*] But see *Patton* v. *United States* (281 U. S. 276).

is the record in Children's Court, not County Court. There is no reason to expunge the record in Children's Court, for it is void and of no legal effect as to the six defendants. The only possible value which such record could have is to afford a basis for the remission by the county treasurer of Oneida county of all fines illegally imposed upon and collected from said six defendants, which remission will be directed by orders to be entered in accord with this memorandum of decision.

The record discloses circumstances leading up to these proceedings which clearly disqualify the present county judge of Oneida county from presiding in County Court at any session when the indictments standing against said six defendants are tried, or in any way considered. Accordingly, this would appear to be a situation in which that part of article 6, section 11, of the Constitution of this State should be invoked which provides:

" A county judge of any county outside the City of New York may hold the county court in any other county when requested by the county judge of such other county; * * * "

A peremptory order of mandamus may issue in each of the above captioned proceedings now before the court, directing the county treasurer of Oneida county to remit and pay or tender to the defendants Joseph George, Frank Longo, Rocco Albert, Irene Albert and Nathan Mittleman, respectively, any and all fines which may have been paid to said county treasurer pursuant to the sentences which the special county judge of Oneida county assumed to impose at the times when said defendants appeared before him on December 23, 28, 29 and 31, 1931, in connection with the criminal indictments theretofore found against said defendants. After the county treasurer of Oneida county shall have remitted such fines, the district attorney of said county or any other county officers whose official duties pertain thereto, may take such action in reference to the indictments found against said six defendants as they may be advised.

Peremptory orders of mandamus will issue accordingly, without costs.