THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* RAYMOND R. CONNOR, Defendant.

County Court, Jefferson County, January 5, 1944.

*Carl J. Hynes, District Attorney* (*Milton A. Wiltse* of counsel), for plaintiff.

*Wesley L. Waite* for defendant.

DONALDSON, J. The defendant was convicted in this court of the crime of grand larceny in the second degree, and the District Attorney has filed an information charging the defendant with having been convicted of a felony before the Superior Court of the Commonwealth of Massachusetts on the 22nd day of November, 1940. The defendant now attacks the legality of the Massachusetts conviction.

It appears that an information was filed against the defendant in the District Court of Springfield on the 14th day of November, 1940, charging him with an offense, which, if committed within the State of New York, would have constituted the crime of rape in the second degree.

The defendant was held to await the action of the Superior Court, and thereafter and on the 22nd day of November, 1940, was brought before the Superior Court and pursuant to the provisions of a Massachusetts statute of 1934 filed an application in writing to waive indictment, which application was assented to by the District Attorney and approved by one of the justices of the Superior Court. Thereafter, the defendant plead guilty to the information and was sentenced to be imprisoned in the House of Correction at Springfield at hard labor for a term of one year.

It is urged on behalf of the defendant that the Massachusetts statute permitting waiver of indictment is unconstitutional. Although article 12 of the Bill of Rights of the Constitution of the State of Massachusetts contains language relating to indictment by a grand jury similar to the provisions of our Constitution, the Supreme Judicial Court of Massachusetts has recently held such statute constitutional. (*DeGolyer* v. *Commonwealth,* 314 Mass. 626.)

The Court of Appeals of our State has held that a similar statute (Code Crim. Pro., § 222, as it then read) was unconstitutional. (*People ex rel. Battista* v. *Christian,* 249 N. Y. 314 [1928].) The unconstitutionality of the statute was based upon

the prohibition contained in section 6 of article I of the New York State Constitution, which then provided as follows: " No person shall be held to answer for a capital or otherwise infamous crime * * * unless on presentment or indictment of a grand jury." The Court of Appeals, in declaring our statute unconstitutional (p. 321), indicated that if the Legislature and the people desire to abolish the grand jury, it can only come about by an amendment to our State Constitution.

The people of some States have decided by their constitutions to permit prosecution of crime without the intervention of grand juries and that such procedure is not in contravention of the due process of law clause of our Federal Constitution. The State of California has such a provision in its Constitution which was adopted in 1879. This provision was held legal in *Hurtado* v. *California* (110 U. S. 516).

The Massachusetts court in the *DeGolyer* case (*supra*) recognizes the force of the decisions of the courts of Massachusetts holding unconstitutional and void any conviction had without presentment by a grand jury. Many cases are cited and distinguished. The last case cited is *Commonwealth* v. *Snow* (269 Mass. 598, 606, decided Jan. 6, 1930). It contains the following language: " The grand jury in its fundamental and essential features, with all their necessary implications as existing at the time of the adoption of the Constitution, must be sedulously preserved. That is the mandate of the Constitution, to which all must bow. Regulation of the mode of procedure under indictments may be made by legislation provided always that the substance of the constitutional rights secured under the grand jury system is not impaired. Unessential formalities of that system may be modified from time to time to meet the changing needs of the general welfare."

The court in the *DeGolyer* case points out that in *Commonwealth* v. *Snow* and the other cited cases no question of waiver by the defendant was involved. Then, after discussing the waiver of other rights in criminal cases, the court takes up the right of a defendant to waive indictment and says: " We are of opinion that the provisions of article 12 of our Bill of Rights, which have been held to mean that a presentment by the grand jury is required where a person is accused of a felony, like the provisions for a jury trial, were intended to secure a benefit to the individual for his protection and security, and that the privilege therein asserted may be waived."

But our Court of Appeals stated in the *Battista* case (249 N. Y. 314, 318, *supra*), after discussing many judicial opinions: " From this mass of opinions and decisions, the rule can be deduced that waiver is not permitted where a question of jurisdiction or fundamental rights is involved and public injury would result. A privilege, merely personal, may be waived; a public fundamental right, the exercise of which is requisite to jurisdiction to try, condemn and punish, is binding upon the individual, and cannot be disregarded by him. The public policy of the State as expressed in the Constitution, takes precedence over his personal wish or convenience. Article 1, section 6 proceeds far beyond the point of conferring a mere personal privilege. Unqualifiedly, it prohibits the trial of any one charged with infamous crime except on presentment or indictment by a grand jury. Until the grand jury shall act, no court can acquire jurisdiction to try. In the most solemn and absolute language the Constitution dictates the only method by which one can be held to answer for murder, burglary, arson, or any other infamous crime. Without the prescribed action by a grand jury, all our other tribunals are powerless to proceed. Such action is the foundation of jurisdiction."

Thus, we have decisions of two high courts in direct conflict.

In passing, it is interesting to note that our Legislature, by chapter 176 of the Laws of 1929, provided for the amendment of indictments; but the Court of Appeals held in *People* v. *Miles* (289 N. Y. 360), that an amendment by adding an additional count was void because it was not an accusation by a grand jury. Thus, the Court of Appeals still adheres strictly to the principle that an indictment is necessary before jurisdiction can be acquired and the defendant may not waive the mandate of the Constitution.

The conviction of the defendant in all probability is legal in Massachusetts, but I do not feel that the full faith and credit clause of the Federal Constitution need be applied in the present circumstances. (*Sims* v. *Sims*, 75 N. Y. 466.)

The defendant has been legally convicted in this court. He is before the court for sentence and the question here presented relates to whether he shall receive increased punishment by reason of his conviction in Massachusetts. The punishment is for this crime only and what occurred in Massachusetts is only an element in determining the criminality of this offense.

In enacting section 1941 of the Penal Law, I do not believe the Legislature had in mind a foreign conviction clearly illegal under our system. The crime charged must be a felony under

our statute, and I think the proceedings resulting in the conviction should meet the standards required by the courts of this State.

If the foreign jurisdiction has no constitutional prohibition, then proceedings without indictment should be recognized. Where there is such a constitutional prohibition, I do not believe that a conviction obtained by proceedings which permits the defendant to waive indictment should be used as a basis for sentencing the defendant as a second offender in this State.

By reason of the foregoing, I hold that the defendant has not been previously convicted within the meaning of section 1941 of the Penal Law and cannot be sentenced as a second offender. The information is, therefore, dismissed.