THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN P. SMITH, Appellant, against VERNON A. MORHOUS, as Warden of Great Meadow Prison, Respondent. — Appeal by relator from an order of the Washington County Court (Bascom, J.) entered December 18, 1942, dismissing his writ of habeas corpus and remanding him to custody. On July 19, 1927, relator pleaded guilty to an information charging burglary, third degree, alleged to have been committed by him in the town of Horicon, July 17, 1927. This was permitted under an amendment to section 222 of the Code of Criminal Procedure (L. 1925, ch. 597; L. 1927, ch. 597, eff. April 4, 1927), which authorized a conviction on a plea of guilty to an information and in the absence of an indictment by a Grand Jury. Upon such conviction he was sentenced to Elmira Reformatory where he was confined for twenty-two months. The aforesaid

934

procedure was declared unconstitutional in 1928. (See *People ex rel. Battista v. Christian,* 249 N. Y. 314.) That case however held that one so convicted had not been placed in jeopardy so as to bar his subsequent indictment and prosecution thereunder. On May 29, 1929, relator was convicted in the Supreme Court, Warren County, upon his plea of guilty to an indictment charging the same offense first heretofore stated. Thereupon sentence was suspended and relator placed on probation. In May, 1931, relator was indicted in Supreme Court, Warren County, for another offense of burglary alleged to have been committed January 10, 1931. This indictment was sent to the County Court for disposition. On June 23, following, at a Trial Term of the County Court, Warren County, the indictment last referred to was reduced to petit larceny and relator pleaded guilty thereto and sentence was suspended. At the same time the County Court revoked the relator's probation and he was sentenced to Clinton Prison for a term of not less than one nor more than two years. This sentence relator served. On June 26, 1940, in the Essex County Court relator was convicted of forgery, third degree. On his plea to an indictment charging that offense in three counts he was sentenced to Clinton Prison for a term of not less than five nor more than ten years. Later this sentence, on the return to a writ of habeas corpus, was declared illegal and he was remanded for resentence. This occurred in the Essex County Court on March 9, 1942, when the relator was then sentenced to a definite term of twelve years, to begin as of June 26, 1940. This sentence relator is now serving. It was passed upon him as a second offender and upon information charging him as such, and which was established by proof. The above history of relator's previous convictions is given because he attacks, although somewhat vaguely, the legality thereof as a basis of his attack upon his previous imprisonment, apparently claiming he should not have been sentenced as a second offender. Regardless of the authority of the County Court of Warren County to revoke relator's probation previously granted by the Supreme Court, and sentence of one to two years on the conviction obtained in the latter court on May 29, 1929, the fact remains that he was legally convicted on the latter date, so that when his last conviction, under sentence for which he is now serving, was obtained, he was a second offender, which fact has been duly established. Thus, relator's present sentence is lawful. Relator's chief complaint here is upon the score that he did not commit the crime of forgery in the third degree to which he pleaded guilty. He entered such plea when represented by counsel on June 26, 1940. He has shown nothing to impugn the legality of such conviction. The order should be affirmed. Order affirmed, without costs. All concur.