THE PEOPLE OF THE STATE OF NEW YORK ex rel. LEO FELLMAN, Relator, against JOHN F. FOSTER, as Warden of Auburn State Prison, Defendant.*

Supreme Court, Special Term, Cayuga County, February 14, 1945.

---

* See, also, *People* v. *Wicklem*, 183 Misc. 639.— [REP.

*Louis Kaye* for relator.

*Nathaniel L. Goldstein, Attorney-General (William S. Elder, Jr., of counsel), for defendant.*

GILBERT, J. On March 24, 1943, the relator was convicted upon his plea of guilty of the crime of grand larceny in the second degree in the Court of General Sessions, New York County. Thereafter an information was filed by the District Attorney charging the relator with having been previously convicted of three felonies, as in the information set forth, and the relator was thereupon sentenced by the Court of General Sessions as a fourth offender to a term of not less than fifteen years nor more than his natural life.

The relator is now confined in Auburn State Prison pursuant to the judgment of the General Sessions Court and has brought this proceeding in which he challenges the legality of his conviction as a fourth offender. A larceny conviction in the District Court of Newburyport, Essex County, Massachusetts, on January 10, 1925, and a larceny conviction in the Nassau County Court in this State on June 5, 1934, both of which convictions are set out in the information filed against the relator in the Court of General Sessions, are alleged by the relator to be illegal and not sufficient to form a basis for his sentence by the Court of General Sessions as a fourth offender.

Taking up the first conviction in the Massachusetts Court. It appears from the records now before the court that the relator was proceeded against in the Newburyport District Court by an information charging him with the larceny of money of the value of $1,076; that the defendant pleaded guilty to the charge and was fined $300. It further appears that the said District Court is a court of record of the Commonwealth of Massachusetts and had original jurisdiction, concurrent with the Superior Court, of the crime in question. The objection of the relator is based solely upon the fact that the relator was not proceeded against by way

of an indictment found by a grand jury and that such a conviction would not be valid in the State of New York. (*People ex rel. Battista* v. *Christian*, 249 N. Y. 314.) The relator contends that the foreign conviction should be under process or proceedings which satisfy the standard of our courts for a conviction on a similar charge. As authority for this proposition the relator cites *People* v. *Connor* (182 Misc. 455), a decision of the Jefferson County Court.

This court is unwilling to follow the decision in *People* v. *Connor* (*supra*). Section 1942 of the Penal Law provides for the sentence to be imposed upon fourth felony offenders. The section provides, "A person who, after having been three times convicted within this state, of felonies or attempts to commit felonies, or under the law of any other state, government or country, of crimes which if committed within this state would be felonious, commits a felony ". The plain language of the section, so far as it relates to out-of-State convictions, provides only that the crime be such as to constitute a felony under the laws of New York State and that the conviction be had under the law of the State having jurisdiction. However the crime may be designated in the foreign jurisdiction is immaterial. A crime designated as a felony there might be only a misdemeanor in New York State or, on the other hand, a crime designated as a misdemeanor in the foreign State might constitute a felony under the law of this State. The procedure under which the conviction is had is strictly a matter for the jurisdiction in which the crime is committed. The only requirement under section 1942 of the Penal Law is that three prior convictions be had in this State or *under the law of any other State* of crimes which, if committed in this State, would constitute felonies. The conviction must of course be a legal conviction. The Massachusetts statute which allows a person charged with a felony to waive indictment by a grand jury has been declared constitutional by the Supreme Court of that State. (*DeGolyer* v. *Commonwealth*, 314 Mass. 628.) Therefore, the relator's conviction being legal in Massachusetts must be considered a valid conviction within the provisions of section 1942. (*People ex rel. Fryer* v. *Brophy*, 149 Misc. 562, affd. 241 App. Div. 653. See, also, *People* v. *Dacey*, 166 Misc. 827.)

The relator's objection to the legality of his conviction in the Nassau County Court seems to be based upon the fact that the execution of the sentence imposed by the court was suspended and the relator was placed upon " indefinite probation ". The relator was convicted after trial by jury in the Nassau County Court of the crime of grand larceny in the second degree. The

sentence, execution of which was suspended, was to a maximum term of two years and a minimum term of one year in State prison. Sentence was imposed on June 19, 1934, and on October 15, 1936, the relator was again before the court charged with the violation of the terms of his probation and the suspension of the sentence of June 19th was revoked and relator was committed to prison to serve the prison term imposed. The relator contends that, the maximum term of two years having expired, the court had lost jurisdiction to execute its sentence and that relator should be considered, so far as this conviction is concerned, as having received a suspended sentence. Section 470-a of the Code of Criminal Procedure and section 2188 of the Penal Law deal with the subject of suspension of sentence, suspending execution of judgment and probation. Under the provisions of these sections a person convicted of a crime and execution of whose sentence has been suspended may be haled before the court at any time within the longest period for which he might have been sentenced, the suspension revoked, and the person committed to prison to serve the sentence imposed by the court, unless the term of probation has theretofore expired. In the instant case the relator was placed on indefinite probation which must be deemed to cover the full period for which defendant might have been sentenced to prison. Under section 1297 of the Penal Law, the penalty for a conviction of grand larceny in the second degree is imprisonment for a term not exceeding five years. Suspension of the execution of the sentence imposed upon the relator on June 19, 1934, was revoked within this period so that the Nassau County Court had not lost jurisdiction.

The writ must be dismissed and it is ordered accordingly.