THE PEOPLE OF THE STATE OF NEW YORK ex rel. PAUL V. MILLER, Relator, against J. VERNEL JACKSON, as Warden of Clinton Prison, Defendant.

County Court, Clinton County, May 13, 1946.

*Paul V. Miller*, relator in person.

*Nathaniel L. Goldstein, Attorney-General (Robert C. Booth* of counsel), for defendant.

O'CONNELL, J. The relator seeks relief through habeas corpus. He is now confined in Clinton Prison, Dannemora, New York, under an indeterminate sentence of fifteen years to life having been, by his confession and plea of guilty to burglary in the third degree, sentenced as a fourth offender pursuant to the provisions of section 1942 of the Penal Law. Relator has been confined since 1933. His contention, among others, is that he was erroneously sentenced as a fourth offender.

Two of the previous four felonies charged against the relator in the information filed by the District Attorney of Broome County, New York, in July of 1933, at the time of his sentence, were committed in the State of New Jersey, one having been committed in March of 1919 and the other in July of 1921. Respecting these two previous felony convictions relator now claims he was not first indicted as was required by the Constitution of the State of New Jersey (art. I, par. 9). He contends by reason of this, the New Jersey courts had no legal jurisdiction to impose sentence on him for these two felonies as such convictions were illegal and void when used as two of the prior felony convictions to warrant the imposition of the life sentence in 1933, pursuant to section 1942 of the Penal Law. I cannot agree with the relator.

Reliance is placed by the relator, in support of his contention, on *People ex rel. Battista* v. *Christian* (249 N. Y. 314). The court there held section 222 of the Code of Criminal Procedure void and by so holding it affirmed an order of the Special Term reported in 131 Miscellaneous 411. Battista by such Special Term order was held on bail " to await action of the Grand Jury and for his appearance for arraignment if indicted." He was not unconditionally released from prison nor was the State by such order deprived of its right to further prosecute Battista by indictment, as the Court of Appeals by its decision made mandatory.

The relator has fully served his two claimed illegal sentences for the New Jersey crimes on which he waived indictment. Lapse of time alone, even if nothing else prevailed here, in my judgment, would now defeat him in the relief he feels he is entitled to. Had he applied timely to the New Jersey courts and if the New Jersey courts had held against the constitutionality of the New Jersey statute, he could still have been prosecuted for his crime or crimes by indictment and if found guilty relator could have been punished for such crime or crimes.

However, there is one other reason which to me makes relator's claim untenable. There is no proof before me that the State of New Jersey has declared its statute permitting a defendant to waive presentment of indictment, unconstitutional. In *Edwards* v. *State* (45 N. J. L. 419) it was held that waiver of indictment and trial by jury was valid. Similar holdings, following reported opinion in the case of *Edwards* v. *State* (*supra*) are found in *Richardson* v. *State Board* (98 N. J. L. 690) and *State* v. *Long* (132 N. J. L. 515, 528).

Relator's two New Jersey convictions for felonies were such that, if committed within the State of New York would have been felonies. He, therefore, was properly sentenced as a fourth offender within the meaning of section 1942 of the Penal Law. Any other point the relator may have raised in his petition I find to be without merit. The writ is dismissed.

Submit order.