■ The People of the State of New York ex rel. Robert W. Cushing, Appellant, against J. Vernel Jackson, as Warden of Clinton Prison, Respondent.— Appeal by relator from an order of the County Court of Clinton County which dismissed a writ of habeas corpus. Upon conviction of forgery in the second degree, relator was sentenced as a second felony offender, on the basis of a prior conviction of robbery in the State of Washington. The robbery charge was prosecuted by information and relator contends that the Washington statute authorizing prosecution in that manner is "inconsistent" with the laws of

New York and that a conviction obtained in New York pursuant to such a form of procedure would violate due process. (See *People ex rel. Battista* v. *Christian,* 249 N. Y. 314.) Upon these grounds he urges that the courts of New York may not recognize the Washington conviction. That the conviction was regular and valid under the Constitution and laws of the State of Washington is not denied. The prosecution by information was authorized by the provisions of section 25 of article I of the Constitution of that State and by the Washington statutes implementing them (Washington Rev. Stat., §§ 2024, 2050, now Rev. Code of Washington, §§ 10.37.026, 10.37.030). These provisions do not violate the Federal Constitution. (*Gaines* v. *Washington,* 277 U. S. 81, 86; *Hurtado* v. *California,* 110 U. S. 516; *Matter of Payne* v. *Smith,* 30 Wn. 2d 646.) For purposes of the multiple offender laws, our courts must recognize the validity of a felony conviction obtained in another State upon prosecution by information, rather than by indictment, if the procedure is in that respect valid under the laws of the foreign State. (*People ex rel. Fellman* v. *Foster,* 184 Misc. 213, affd. 270 App. Div. 877, affd. 296 N. Y. 954; *People* v. *Sacco,* 282 App. Div. 1064; see, also, *People* v. *McCullough,* 300 N. Y. 107.) Order unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.