**STATE, Plaintiff, v. CENTERS, Defendant.**

Common Pleas Court, Montgomery County.

No. 21591-A.   Decided December 10, 1959.

Mathias H. Heck, Pros. Atty., for plaintiff.
John R. Hoover, Dayton, for defendant.

## OPINION

By McBRIDE, J.:

A proceeding accusing Reece Willis Centers with the crime of operating a motor vehicle without the owner's consent was instituted by the State of Ohio by filing an "information" instead of by indictment by the grand jury. A motion to dismiss was filed by counsel for the defendant.

The "information" followed the provisions of §2941.021 R. C., enacted at the last session of the General Assembly. The statute provides as follows:

"Any criminal offense which is not punishable by death or life im-

prisonment may be prosecuted by information filed in the common pleas court by the prosecuting attorney if the defendant, after he has been advised by the court of the nature of the charge against him and of his rights under the constitution, is represented by counsel or has affirmatively waived counsel by waiver in writing and in open court, waives in writing and in open court **prosecution by indictment.**"

In the instant case the defendant, in writing and in open court, previously waived counsel and waived presentment to the grand jury.

Doubts as to the constitutionality of this statute are so prevalent that few counties have used the procedure. At a recent Ohio conference of trial judges, Judge Saul S. Danaceau of Cuyahoga County presented a discussion on the subject and this court would be ungrateful if it failed to acknowledge the benefit of his research as well as the assistance of counsel.

The provisions of the constitution may be either a matter of personal privilege or of mandatory public duty. The former can be waived; the latter can not. The Supreme Court held that the right to a jury trial is personal and may be voluntarily waived. **State, ex rel. v. Baer, 103 Oh St 585.** Whatever the constitution prescribes as essential in a criminal prosecution can neither be omitted nor waived. Stewart et al v. **State, 41 Oh Ap 351.**

**Article I, Section 10, Ohio Constitution,** provides in part that "**no person shall be held to answer for a capital, or otherwise infamous, crime, unless on presentment or indictment of a grand jury.**" The right and duty to accuse individuals with crime only through the grand jury is a public fundamental right, the exercise of which is requisite to jurisdiction to try, to condemn and to punish and takes precedence over the personal convenience of the parties, including the wishes of the accused. In solemn and absolute language the constitution dictates the only method by which a person can be prosecuted for a felony. The pressure formerly applied by the Crown is gone however other forces at work in society justify the public policy and the constitutional provision requiring the use of the grand jury.

In the words of the New York Court of Appeals in People v. Christian, 249 N. Y., 314, 164 N. E., 111, 61 A. L. R., 793, and under a constitutional provision identical with that of Ohio:

"1. The constitutional provision for indictment cannot be waived by one accused of crime.

"2. A statute authorizing an information in a criminal case when the Constitution requires an indictment by a grand jury is void."

Since both Cardozo and Pound concurred we are reluctant to reject such distinguished company.

Whether some of the expense and the delay of the grand jury procedure may be reduced, when the defendant so desires, by a consent to a presentment, by a consent to an indictment, or by some similar method which complies with the constitution is a matter for legislative consideration.

The motion to dismiss the "information" is sustained without cost to the defendant.