Louis G. Bruhn, J.
This is an application on the part of the defendant for a writ of error coram nobis.
*174 On January 25, 1926 the defendant was arraigned in the City Court of Kingston, New York, on a charge of grand larceny in the second degree; he then waived examination and was held to await the action of the Grand Jury.
Thereafter, on or about January 26, 1926 the petitioner, pursuant to section 222 of the Code of Criminal Procedure, as it then existed, undertook to waive his right to have the Grand Jury inquire into the pending charge.
"While the records of this court fail to indicate the entry of any order pursuant to such section, the then District Attorney, filed an information against the defendant charging him with grand larceny in the second degree.
On or about February 1, 1926, the defendant pleaded guilty to the crime of grand larceny, as charged in such information filed by the District Attorney, and was sentenced to Elmira Reformatory which sentence was suspended during good behavior.
On April 29,1926 the suspension was revoked and the original sentence imposed.
The defendant predicates his demand for relief on two propositions.
In the first place, he claims that this court failed to enter an order directing that the defendant be prosecuted by information instead of indictment and secondly, he claims that since section 222 of the Code of Criminal Procedure, as it then existed, was declared unconstitutional by the Court of Appeals, the conviction was therefore null and void.
If the defendant is correct on his second contention, the first question would then become academic.
True it is, as contended by the defendant, that section 222 of the Code of Criminal Procedure, as it then existed, was declared unconstitutional by the Court of Appeals.
In the case of People ex rel. Battista v. Christian (249 N. Y. 314, 318) the court stated: “ Section 222 of our Code seeks to and does weaken the force of our Constitution and, for that reason, it is void.”
The court further at page 321 stated: “ The defendant was held incapable of waiving a constitutional right which is essential to jurisdiction. On principle and on authority, therefore, appellant’s conviction, even on his plea and attempted waiver, is a nullity. He has not been placed in jeopardy, for the court was without jurisdiction to try or condemn him. No obstacle to a grand jury’s consideration of the charge against him can be seen. The power of indictment now exists in no lesser degree than before his sentence and incarceration.”
*175 Coram nobis appears to be an appropriate remedy in view of the defendant’s present incarceration on another commitment and in view of the fact that this case involves ‘ ‘ the abrogation — without adequate remedy — of fundamental precepts * * * going to the jurisdiction of the court”. (Matter of People v. Sadness, 300 N. Y. 69, 73; Bojinoff v. People, 299 N. Y. 145, 152; People v. Sullivan, 3 N Y 2d 196, 198; People v. Caminito, 3 N Y 2d 596, 601.)
Apropos to the instant case, the Sullivan case (supra, p. 198) in speaking of coram nobis, stated: “ The underlying purpose is to redress an injury done to a defendant which has deprived him of due process of law, thus enabling a defendant to void a conviction. ’ ’
Therefore, in view of the foregoing, the conviction of February 1,1926 is null and void and is hereby vacated.
In view of the fact, as previously stated, that the defendant is presently incarcerated, the District Attorney is at liberty to present the charge before the present County Court Grand Jury, and, in the event of an indictment to return the defendant to this jurisdiction for due processing.
The District Attorney is directed to submit an order in accordance with this opinion and serve a copy on both the defendant and his attorney. Submit order.