Zimmerman, J.
This is a habeas corpus proceeding instituted in this court, wherein the petitioner, 'Larry Stephens, a minor, by his father and next friend, seeks to effectuate his release from incarceration in the Ohio State Reformatory, on the claim that the Court of Common Pleas of Wood County was wholly without jurisdiction and authority to sentence and commit him to the reformatory and that such proceedings in that court were void.
It appears from the petition and the exhibits attached thereto that the petitioner was arrested in Wood County, Ohio, and charged with the crime of maliciously and forcibly breaking into a storehouse in that county during the night season and stealing and carrying away merchandise in such storehouse of the value of $10. Petitioner, represented by counsel, was brought before the trial court where his rights and the nature of the charge against him were explained. He, thereupon, in open court, waived in writing prosecution by indictment and consented that the case proceed upon an information filed by the *324 prosecuting attorney. A copy of such information was promptly served upon petitioner, he pleaded guilty to the charge contained therein, and he was placed on probation by the court. Later probation was revoked, and petitioner was sentenced to the Ohio State Reformatory, where he now is.
Petitioner challenges the constitutionality of Section 2941.021, Revised Code, in face of Section 10, Article I of the Constitution of Ohio. Section 2941.021, Revised Code, recites:
“Any criminal offense which is not punishable by death or life imprisonment may be prosecuted by information filed in the Common Pleas Court by the prosecuting attorney if the defendant, after he has been advised by the court of the nature of the charge against him and of his rights under the Constitution, is represented by counsel or has affirmatively waived counsel by waiver in writing and in open court, waives in writing and in open court prosecution by indictment.”
Section 10, Article I of the Constitution, provides in part:
“No person shall be held to answer for a capital, or otherwise infamous, crime, unless on presentment or indictment of a grand jury.”
In 56 A. L. R. (2d), 839, the following comments appear:
“Different conclusions have been reached as to the waivability of a constitutional or statutory provision as to the mode or form of accusation in a criminal prosecution * # *.
“Provisions to the effect that no person shall be held or required to answer, or held for or put upon trial, for a criminal offense * * * except by or upon indictment or presentment, have been construed, in most jurisdictions in which the question has been passed on, as not mandatory or jurisdictional in character and as merely conferring a personal privilege which may be waived.”
Such are the holdings in the United States courts and in a number of the state courts. Representative of those cases is Barkman v. Sanford (C. C. A., 5), 162 F. (2d), 592, certiorari denied, 332 U. S., 816, 92 L. Ed., 393, 68 S. Ct., 155. There are cases to the contrary, representative of which is People, ex rel. Battista, v. Christian, Supt., 249 N. Y., 314, 164 N. E., 111, 61 A. L. R., 793.
A majority of this court is of the view that Section 2941.021, *325 Revised Code, is not unconstitutional. It does not remove the right of one charged with crime, carrying a penalty of less than death or life imprisonment, to an indictment but affords him the opportunity of waiving indictment under prescribed conditions. Of course, an indictment may be insisted upon by the accused, but, if he consents, an information may be substituted.
Although ordinarily constitutional questions will not be decided in a habeas corpus proceeding, petitioner here is not attacking the statute under which he was charged but challenges the validity of the method whereby he was brought before the court, sentenced and committed, claiming that the procedure lacked any semblance of validity, and that the court was wholly unauthorized to proceed. See 26 Ohio Jurisprudence (2d), 566, 567, Section 13. Counsel for both petitioner and respondent have briefed and orally argued the main question as to the constitutionality of Section 2941.021, Revised Code, and we have accepted and decided the matter on such basis. In view of the position taken, the petitioner is remanded to custody.

Petitioner remanded to custody.

Weygandt, C. J., Taet, Matthias and Herbert, JJ., concur.
Bell and Peck, JJ., dissent.