Jasen, J. (dissenting).
I would hold that one accused of a felony may waive indictment by a grand jury and proceed to trial upon an information filed by the District Attorney.
In People ex rel. Battista v. Christian (249 N. Y. 314), this court passed on a statute which allowed a criminal defendant to expressly waive indictment by the grand jury. The court, in ruling the statute unconstitutional, relied principally upon an 1858 case, Cancemi v. People (18 N. Y. 128), wherein the court held that a criminal defendant could not be convicted by a jury of 11, even though he had expressly agreed to continue his trial before such a jury when one of the original 12 jurors became ill. The Cancemi court was of the opinion that a jury of 12 was a basic protection and a mode of proceeding which could not be waived by the defendant.
The Supreme Court of the United States (in Patton v. United States, 281 U. S. 276) reached the opposite conclusion on identical facts, holding that a jury of 12 is a protection for the individual, and that there is no sound policy reason why the individual should not be allowed to expressly waive a rule which was made for his own protection. The court noted our Cancemi case and found it unconvincing.
I am of the opinion that the rationale of Cancemi and Battista, declaring certain basic rights to be nonwaivable, is incorrect and should be overruled.
Battista notwithstanding, I believe that section 6 of article I of our State Constitution vests an accused with a personal right to indictment which may be waived by him in the same manner as other personal rights guaranteed by the Fifth and Sixth Amendments of the Federal Constitution[1] and by our State Constitution. To classify, as the majority does, the right to indictment as a “ fundamental public right ” and nonwaivable *7 is to disregard history. Since at least 1681, the grand jury has been viewed as a protection for the individual against unjustified criminal prosecutions by the government.[2] That such a protection was so viewed by the framers of our State Constitution may be concluded from its position in the Constitution along with other personal rights, which, as mentioned, have been held waivable. I might add that a review of the debates of the State Constitutional Convention of 1821 affirms this conclusion.[3]
It is totally unreasonable to hold that an accused may not knowingly and intelligently waive a rule which was made for his own protection. What harm is there to the accused in such case? After all, the choice of being tried by indictment or information is at all times with the accused, and only he, knowingly and intelligently, may exercise such choice.
Concluding, as I do, that a criminal defendant may, consistent with our Constitution, waive the protection of grand jury indictment, there arises the question of whether such a waiver may be made in the present case, absent legislation specifically allowing it.
The right to waive, this court said in Battista, is in no way dependent upon a statute. Referring to the then-enacted section 222 of the Code of Criminal Procedure, which authorized the bypass of the grand jury in a criminal case on the application of the accused and with the consent of the District Attorney, the court declared: ‘‘The statute, therefore, adds nothing and takes away nothing. If, without its existence, the criminal possessed the right to fling away any part of the protection which the Constitution imposes upon all, neither he nor the State is strengthened or weakened by its passage. So the only question in this case is whether, irrespective of the statute, the basic prohibition of article 1, section 6, is capable of waiver.” (249 N. Y., at 318.)
It might be argued, however, that such legislation is necessary. (United States v. Gill, 55 F. 2d 399.) The Gill case holds that waiver of indictment and prosecution of a felony upon *8 an information was not recognized at common law and since the rules of the common law maintain unless changed by statute, a statute allowing such waiver is necessary before a defendant may choose to be prosecuted for a felony upon the basis of an information.
While it is true that the common law continues for the protection of the individual unless altered by statute, it seems to me that it is incorrect to say that the feature of the common law which prevented waiver of these protections must also continue. As the Supreme Court noted in the Patton case (281 U. S., at 306, supra), at common law the defendant was generally not allowed to waive any right which was intended for his protection; however, at the present, time, conditions which required ¡such a rule no longer exist; therefore, there is no reason to continue such a rule. Cessante ratione legis cessat ipsa lex.
The numerous safeguards which surround a criminal defendant, particularly the right of indigent defendants to have counsel furnished at all stages of criminal proceedings, are adequate to protect his rights to a fair trial, and I see no reason to perpetuate our previous holding that a defendant may not waive indictment by the grand jury.
This conclusion does not, however, impair the power of the grand jury to inquire into any crime committed in the county and to indict a person accused of such crime, even where the accused waives indictment. Nor does it restrict the right of the grand jury “ to inquire into the wilful misconduct in office of public officers and to find indictments or to direct the filing of informations in connection with such inquiries ”. (See N. Y. Const., art. I, § 6; Matter of Wood v. Hughes, 9 N Y 2d 144, 150-151.)
Accordingly, the order of the Appellate Division should he reversed.
Judges Bergan, Breitel and Gibson concur with Chief Judge Fuld; Judge Jasen dissents and votes to reverse in a separate opinion in which Judge Scileppi concurs; Judge Burke taking no part.
Order affirmed, without costs.

. Barkman v. Sanford, 162 F. 2d 592, cert. den. 332 U. S. 816 (indictment); Patton v. United States, 281 U. S. 276 (trial by jury); Johnson v. Zerbst, 304 U. S. 458, 465 (right to counsel); United States v. Murdock, 284 U. S. 141, 148 (privilege against self incrimination); Trono v. United States, 199 U. S. 521 (double jeopardy).

. See, Calkins, Abolition of the Grand Jury Indictment in Illinois, 1966 U. Ill. L. F., 423, 424-430.

. See Carter and Stone, 1821 Constitutional Convention Proceedings and Debates, p. 163 et seq.