Jasen, J. (dissenting).
On this appeal we are confronted with an important issue involving a plea of guilty and the sentencing process, to wit: whether a defendant, as part of his plea bargaining, may waive the application of section 70.25 (subd. 3) of the Penal Law.
The minutes of plea and sentence lead inescapably to the conclusion that prior to the entry of the plea, the court and experienced defense counsel had discussed the possible imposition of the consecutive sentences aggregating two years. Indeed, the guilty pleas to both crimes could have had no other purpose except to permit the imposition of the consecutive sentences. For example, a plea by the defendants to attempted possession of a weapon, as a class E felony, by itself, would have allowed an indeterminate State prison sentence of one to four years. (Penal Law, § 70.00, subds. 1, 2, par. [e]; subd. 3; § 70.20, subd. 1.) A plea to a class E felony would not authorize a definite sentence of two years, and the additional guilty plea to petit larceny, a misdemeanor, could not result in the imposition of a different sentence unless consecutive definite sentences were being considered. Hence, the pleas here permitted the defendants to be sentenced to two years in a local jail, instead of a State prison (Penal Law, § 70.20, subd. 2), a result not attainable under any other guilty plea. Concluding, as I do, that the defendants waived section 70.25 (subd. 3), the question then arises as to whether this is permissible.
On its face, section 70.25 (subd. 3), couched in mandatory language, does not seem to permit the exercise of discretion by the court in imposing consecutive sentences for offenses com *153 mitted as part of a single incident. As Judge Lehman observed: ‘ ‘ There may be cases where special circumstances are present which would lead a wise judge to believe that less severe punishment would better fit the crimes committed. A judge may fit the punishment to the crime only where the law leaves room for the exercise of discretion in a particular case # . * # When by act of Legislature the law provides that particular acts shall have definite consequences, there is no room for the exercise of discretion by the court or judge.” (People v. Gowasky, 244 N. Y. 451, 467 [concurring in part, dissenting in part].)
However, contrary to the majority’s holding, I do not believe the mandatory language of section 70.25 (subd. 3) is dispositive of the matter. I would hold that an accused may knowingly and intelligently waive a statutory right which was enacted for his own protection. As we noted in an analogous situation, when reviewing a conviction, upon a guilty plea to attempted manslaughter, an impossible crime: ‘1 The defendant declined to risk his chances with a jury. He induced the proceeding of which he now complains. He made no objection or complaint when asked in the presence of his counsel whether he had any legal cause to show why judgment should not be pronounced against him, and judgment was thereafter pronounced. As a result, the range of sentence which the court could impose was cut in half—a substantial benefit to defendant.” (People v. Foster, 19 N Y 2d 150, 153.)
In my view, the Legislature, in deciding to limit consecutive definite sentences to a one-year maximum, had intended to protect a criminal defendant against overcharging by a prosecutor — that is, to avoid the possible aggregation of sentences for those convicted after trial. Notwithstanding its mandatory language, I do not believe that the statute was ever intended to defeat a defendant’s right to waive its protection in order to receive a substantial benefit such as by reducing a potential sentence,[1] and preventing the use of a felony as a predicate for recidivist treatment. (Penal Law, § 70.10, subd. 1, par. [b], cl. [i].) The one-year limit on authorized consecutive sen- *154 fences is certainly not ‘ ‘ a public fundamental right, the exercise of which is requisite to jurisdiction * * * [which] is binding upon the individual and cannot be disregarded by him.” (Matter of Simonson v. Cahn, 27 N Y 2d 1, 3-4; People ex rel. Battista v. Christian, 249 N. Y. 314, 318.) To hold that an accused may not knowingly and intelligently waive a rule which was made for his own protection is totally unreasonable. Where is the harm to the accused in such case f The State has extended-]/ a benefit to a defendant who in turn extends a substantial benefit to the State and who demonstrates by his plea that he is ready and willing to admit his crime and to enter the correctional system in a frame of mind which affords hope for success in rehabilitation over a shorter period of time than might otherwise be necessary.” (Brady v. United States, 397 U. S. 742, 753.)
In view of criminal court congestion and delays in trials, sound public policy would require that we encourage defendants to openly and freely enter guilty pleas, with the presence of counsel, accompanied by a reduction of the scope of possible punishment, provided the imposition of the sentences is realistically related to the facts of the case.[2] The majority’s position is not only contrary to this approach, but also to the trend of recent decisions in which the courts have extended every effort to sustain freely and voluntarily entered pleas of guilty. (North Carolina v. Alford, 400 U. S. 25; McMann v. Richardson, 397 U. S. 759; Brady v. United States, 397 U. S. 742, supra; People v. Irizarry, 27 N Y 2d 856; People v. Reyes, 26 N Y 2d 97; People v. Foster, 19 N Y 2d 150, supra.)
As in the situation where a defendant pleads guilty to a fictitious crime, the defendants were clearly benefited in being sentenced for the class E felony pursuant to section 70.05 of the Penal Law, authorizing a definite sentence of imprisonment[3], *155 instead of section 70.00, requiring the imposition of an indeterminate sentence. But now, by a majority’s holding, the District Attorney, in similar cases, will insist on a felony plea with an indeterminate sentence to be imposed pursuant to section 70.00 of the Penal Law, thereby, most likely, requiring a trial, which, in turn, will result in taxing even more our already overcrowded and congested courts. Considering that approximately 96%[4] of all convictions iii our Supreme and County Courts are brought about by pleas of guilty, I am convinced that our decision will place an unreasonable obstacle in the plea bargaining process.
I conclude, therefore, the sentences “ should be sustained on the ground that [they were] sought by defendant[s] and freely taken as part of a bargain which was struck for the [defendants ’] benefit.” (People v. Foster, supra, at p. 154.)
Chief Judge Fuld and Judges Burke and Bergan concur with Judge Gibson; Judge Jasen dissents and votes to reverse in a separate opinion in which Judges Scileppi and Breitel concur.
Orders affirmed.

. Robbery in the first degree, a class B felony, is punishable by a maximum term of 25 years. (Penal Law, § 70.00, subd. 2, par. [b]; § 70.20, subd. 1; § 160.15.)

. Cf. Brady v. United States (397 U. S. 742, 751-753), in which the Supreme Court in holding that a plea of guilty entered to limit the possible punishment was not for that reason compelled within the meaning of the Fifth Amendment, implicitly recognized that the resources of the criminal justice system would be severely overburdened if guilty pleas based on the expectation of a lesser penalty were forbidden.

. The imposition of a one-year sentence of imprisonment had the effect of a misdemeanor sentence, which barred the use of the felony as a predicate for recidivist treatment. (Penal Law, § 70.10, subd. 1, par. [b], cl. [i].)

. Sixteenth Annual Report of N. Y. Judicial Conference, 1971, p. A 96, Table 30.